UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MEGAN MARTIN,

    Plaintiff,

v.                               Case No.:  2:22-cv-224-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Having obtained an award of benefits, Megan Martin's attorney, Carol Avard, requests attorney's fees under 42 U.S.C. § 406(b). (Doc. 16.) Defendant has no opposition.

Section 406(b) provides that an attorney who obtains a benefits award on remand may petition for a reasonable fee—not to exceed twenty-five percent of the claimant's past-due benefits—for work performed before the court.

Here, Avard arrives at her requested fee of $6,512.94 as follows: $7,484.19 (10 percent of past-due benefits)[1] minus $971.25 (the amount a requested EAJA fee would have been, had counsel filed for EAJA fees). *See Thompson v. Comm'r of Soc. Sec.*, No. 8:20-cv-2236-JSS (Doc. 36); *Jackson v.*

---

[1] Martin and attorney Avard entered into a written agreement providing for a 25% contingency fee (Doc. 16-2), but Avard moves for just 10%.

*Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) ("Although an attorney who receives fees under both the Equal Access to Justice Act and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request."). For the reasons stated in Martin's unopposed motion, the requested fee is both reasonable and appropriate under § 406(b).

Accordingly, the unopposed fee motion (Doc. 16) is **GRANTED**. The clerk will enter judgment for Martin for $6,512.94 in attorney's fees under 42 U.S.C. § 406(b). Defendant is further directed to pay counsel the $6,512.94, while releasing the balance of withheld funds to the claimant.

**ORDERED** in Fort Myers, Florida this July 12, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record